## MINUTE ORDER

**Alpha Kaba v. Delight Construction Corp., 08-cv-2594 (JBW)(MDG)**

This order summarizes rulings made at two telephone conferences held on December 3, 2009 with respect to a motion to quash deposition notices filed by plaintiff (ct. doc. 58).

The deposition notices served by defendants are for Mohammed Aziz, the purported owner of defendant Delight Construction Corp., and Elena Frescas, Delight's bookkeeper. Mr. Aziz is apparently in Bangladesh and unavailable for trial. Ms. Frescas gave birth to a child two weeks ago is not willing to expose her newborn to viruses outside her residence nor travel to court to testify without her child because she is nursing.

Given the imminent trial date, it does not appear possible to arrange for the depositions, particularly a deposition of Mr. Aziz, who is in a different time zone across the International Date Line, and may not be able to arrange for appearance before an appropriate consular official in the few remaining hours that a consulate may be open. Thus, the motion to quash [58] the deposition notices is denied as moot.

Nonetheless, this Court agrees with defendants that they are entitled to present the direct testimony of these witnesses in a format other than through testimony given in a deposition taken by plaintiffs' counsel. Defendants did not question these witnesses at the earlier depositions nor were defendants put on notice that they would have to rely on these transcripts at trial.

This Court thus finds good cause to permit the defendants to present the testimony of these witnesses by electronic means. <u>See</u> Fed. R. Civ. P. 43(a) ("For good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location"). Since this Court is aware from prior proceedings that Mr. Aziz observes a religious proscription against having his image taken, his testimony shall be by

telephone.  Ms. Fresca may testify via video teleconferencing.

Counsel for defendants shall be responsible for making all necessary arrangements, with the approval of the systems department of this Court, for procuring the testimony.  Prior to presentation of the testimony, counsel shall insure that the witnesses have copies of all pre-marked exhibits.

**SO ORDERED.**

Dated:  Brooklyn, New York
        December 3, 2009

/s/_____
MARILYN D. GO
UNITED STATES MAGISTRATE JUDGE