**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Alpha Kaba, | **Civ. Action #: 08-CV-2594** |
| Plaintiff, | **(JBW)(MDG)** |
| -v- | **Supporting Memorandum** |
| Delight Construction Corp., | |
| Defendant. | |

# PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HIS RENEWED MOTION FOR SUMMARY JUDGMENT

**Abdul K. Hassan, Esq.**

**215-28 Hillside Avenue,**

**Queens Village, NY 11427**

**Tel: 718-740-1000**

**Counsel for Plaintiff Alpha Kaba**

# TABLE OF CONTENTS

**PAGE**

**I. PRELIMINARY STATEMENT** ----------------------------------------------------------------- 1

**II. STATEMENT OF FACTS** ------------------------------------------------------------------ 2

**III. SUMMARY JUDGMENT STANDARD** -------------------------------------------------- 3

**IV. LAWS GOVERNING WAGE CLAIMS** -------------------------------------------------- 4

    1. THE ELEMENTS OF FLSA AND NYLL OVERTIME CLAIMS --------------- 5

    2. THE ELEMENTS OF FLSA AND NYLL MINIMUM WAGE CLAIMS ------ 5

    3. THE ELEMENTS OF A NYLL SPREAD-OF-HOURS CLAIMS --------------- 5

    4. BURDEN-SHIFTING UNDER THE FLSA ----------------------------------------- 6

    4. BURDEN-SHIFTING UNDER THE NYLL ---------------------------------------- 9

**V. ARGUMENT** ----------------------------------------------------------------------------------- 10

    1. PLAINTIFF IS ENTITLED TO SUMMARY JUDGMENT AS TO LIABILITY
    AND FULL DAMAGES IN LIGHT OF BURDEN-SHIFTING, FOR THE PERIOD
    FROM NOVEMBER 20, 2006 TO APRIL 26, 2008 --------------------------------------- 10
    **A. Plaintiff Has Met and Exceeded His Prima-Facie Showing And Defendant
    Cannot Meet its Rebuttal Burden As a Matter of Law ----------------------------- 11**

    2. PLAINTIFF IS ENTITLED TO SUMMARY JUDGMENT AS TO LIABILITY
    AND FULL DAMAGES IN LIGHT OF BURDEN-SHIFTING, FOR THE PERIOD
    FROM MAY 8, 2006 TO NOVEMBER 19, 2006 --------------------------------------------- 15
    **A. Plaintiff Has Met and Exceeded His Prima-Facie Showing And Defendant
    Cannot Meet its Rebuttal Burden As a Matter of Law ----------------------------- 15**

    3. THE REGULAR RATE UNDER THE FLSA CANNOT BE LESS THAN
    THE NY MINIMUM WAGE RATE ----------------------------------------------------------17

    3. CALCULATION OF DAMAGES ---------------------------------------------------------20

**VI. CONCLUSION** ------------------------------------------------------------------------------21

## I. PRELIMINARY STATEMENT

Plaintiff submits the instant memorandum in support of his renewed motion for summary judgment. On December 10, 2009, Judge Jack Weinstein stated that Plaintiff may renew his motion for summary judgment (as to damages) if the jury found that Plaintiff was employed by Defendant after November 21, 2006 – employment from May 8, 2006 to November 21, 2006 was stipulated to. The jury found that Plaintiff was employed by Defendant for the entire period from November 22, 2006 to April 26, 2008. Plaintiff now makes the instant renewed motion for summary judgment as to wage owed to Plaintiff.

In the instant case, Plaintiff asserts that he was employed by Defendant as a security guard from May 8, 2006 to April 26, 2008. During the period of his employment, Plaintiff worked seven days a week, fifteen hours a day on weekdays and sixteen hours a day on weekends (excluding 8 hours on Saturday and Sunday for this motion only), and was paid $400 a week - $425 a week for the last three weeks of employment. Based on these facts, Plaintiff has asserted claims for unpaid minimum wages and overtime wages under the federal Fair Labor Standards Act ("FLSA"), and New York Labor Law ("NYLL"), as well as a spread-of-hours claim under NYLL. Under the FLSA and NYLL, an employee is owed overtime wages if he was not paid at least 1.5 times his regular rate for hours worked over forty in a week. Under the FLSA and NYLL, an employee is owed minimum wages if he was paid less than the applicable minimum wage rate under the FLSA and NYLL respectively. Under NYLL, an employee is owed spread-of-hours wages if he was not paid an additional hour of pay for each day in which he worked more than ten hours.

1

The parties stipulated that Plaintiff was employed seven days a week by Defendant from May 8, 2006 to November 21, 2006. In addition, the jury found that Defendant employed Plaintiff for each week during the period from November 22, 2006 to April 26, 2008. With employment established, the next step is to establish the hours worked and wages paid without genuine dispute. Defendant claims that Plaintiff worked 62 hours a week and more than 10 hrs on one day each week. Plaintiff claims that he worked 107 (Plaintiff will waive 16 weekend hours for purposes of this motion only – if the motion was granted in its entirety) hours a week and worked more than 10 hours seven days a week. Even using Defendant's version of events, Plaintiff would be entitled to judgment on liability as to his overtime, minimum wage and spread-of-hours claims.

With liability established, the only remaining dispute is the extent of the damages – for example, whether Plaintiff should be compensated for 67 overtime hours a week or 22 overtime hours a week. Because Defendant violated the record-keeping laws by failing to maintain adequate wage and hour records for the period from May 8, 2006 and maintained no wage and hour records for the period after November 21, 2006 to April 20, 2008, there is a burden-shifting that takes place under the well-established U.S. Supreme Court precedent in Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 687-88 (1946), and because Defendant undisputedly cannot meet this burden, especially since it is operating under a preclusion order, summary judgment on damages is warranted in Plaintiff's favor.

Plaintiff kindly request that this Honorable Court grant his motion for summary judgment in its entirety and award him the relief requested in the notice of motion and herein, together with such other, further and different relief as the Court deems just and proper.

## II. STATEMENT OF FACTS

Rather than a separate lengthy recitation and duplication of facts, Plaintiff will incorporate from his Statement of Material Undisputed Facts, the supporting declarations and deposition transcripts as needed below.

## III. SUMMARY JUDGMENT STANDARD

The summary judgment standard is well known. In essence however, summary judgment is proper where there is no genuine dispute as to a material fact. Significantly, any dispute must be genuine and the fact in question must be material. In Byrnie v. Town of Cromwell, Bd. of Educ., 243 F.3d 93, 101 (2d Cir. 2001), the Second Circuit stated in relevant part that:

> Even where facts are disputed, in order to defeat summary judgment, the
> nonmoving party must offer enough evidence to enable a reasonable jury to return
> a verdict in its favor. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106
> S.Ct. 2505, 91 L.Ed.2d 202 (1986); Scotto v. Almenas, 143 F.3d 105, 114 (2d
> Cir.1998). Thus the "non-moving party may not rely on conclusory allegations or
> unsubstantiated speculation."

This being so, Plaintiff is entitled to summary judgment based on controlling legal authority including: Barfield v. New York City Health and Hospitals Corp., 537 F.3d 132 (2d Cir. 2008); Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 687-88 (1946) and Padilla v. Manlapaz, 2009 WL 2500726 (E.D.N.Y., 2009).

3

## IV. LAWS GOVERNING WAGE CLAIMS

## 1. THE ELEMENTS OF FLSA and NYLL OVERTIME CLAIMS

Under the Fair Labor Standards Act ("FLSA")[1], there is a presumption that all employees are entitled to overtime pay and an employee is entitled to 1 ½ times his regular rate for all hours worked in excess of forty each week unless the employer carries its burden of showing the employee is exempt from the overtime requirements of the law. 29 U.S.C. § 207(a)(1); see Reich v. State of New York, 3 F .3d 581, 587 (2d Cir.1993). An employee must therefore prove two elements to prevail on an overtime claim under the FLSA and NYLL. The first element is that she worked more than forty hours in a week. The second element is that she was not paid 1 ½ times his regular hourly rate for all hours worked in excess of forty for that week.

New York does not have an overtime statute. Instead, New York has a regulation that incorporates the federal FLSA with a few additional protections. New York's overtime regulation can be found at 12 NYCRR 142-2.2 and reads in relevant part as follows:

> An employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate in the manner and methods provided in and subject to the exemptions of sections 7 and 13 of 29 U.S.C. 201 et seq., the Fair Labor Standards Act of 1938, as amended; provided, however, that the exemptions set forth in section 13(a)(2) and (4) shall not apply. In addition, an employer shall pay employees subject to the exemptions of section 13 of the Fair Labor Standards Act, as amended, except employees subject to section 13(a)(2) and (4) of such act, overtime at a wage rate of one and one-half times the basic minimum hourly rate.

Because New York incorporates and restates the FLSA, the analysis of overtime claims under the NYLL is generally the same as under the FLSA.

---

[1] The FLSA can be found at 29 USC 201 et Seq. 29 USC 207 requires overtime pay and 29 USC 216 is the enforcement provision.

4

## 2. THE ELEMENTS OF FLSA and NYLL MINIMUM WAGE CLAIMS

As to the minimum wage claims under the FLSA and NYLL, Plaintiff only needs to show that Defendant failed to pay him at least the minimum hourly rate required by the FLSA and NYLL respectively. The federal minimum wage is established by the FLSA at 29 U.S.C 206. Under the FLSA, the applicable minimum wage rate for the period from May 8, 2006 to July 24, 2007 was $5.15 an hour and from July 25, 2007 to April 20, 2008 it was $6.55 an hour. The NY minimum wage rate is established by NYLL 652. The applicable minimum wage rate under NYLL for the period from May 8, 2006 to December 31, 2006 was $6.75 an hour and from January 1, 2007 to April 20, 2008 it was $7.15 an hour.

The NY minimum wage rate automatically defaults to the FLSA minimum wage rate if the FLSA rate is higher but we need not address this because even though the current FLSA minimum wage rate is higher than the NYLL minimum wage rate, it was no so for the period of recovery in this case. However, there is a dispute between the parties as to whether the regular rate for calculation of overtime under the FLSA can be a rate that is illegal under NYLL - a rate that is less than the NY minimum wage rate. Plaintiff believes the law is very clear on this but will nonetheless address this issue below.

## 3. THE ELEMENTS OF A SPREAD-OF-HOURS CLAIM

Unlike the federal FLSA, NYLL does provide a form of daily overtime commonly called spread-of-hours pay. As such, Plaintiff brings his spread-of-hours claim under New York law but

5

not under federal law. The NY spread-of-hours law can be found at 12 NYCRR 142-2.4 which reads in relevant part as follows:

> An employee shall receive one hour's pay at the basic minimum hourly wage rate, in addition to the minimum wage required in this Part for any day in which: (a) the spread of hours exceeds 10 hours; or (b) there is a split shift; or (c) both situations occur.

There is a split in authority as to which minimum wage to use. Some decisions hold that the relevant minimum wage is the rate specified in 12 NYCRR 142-2.1. Other decisions hold that the relevant minimum wage is the agreed upon rate the employer must pay as a minimum pursuant to NYLL 190 et Seq. However, this split in authority does not affect us here because it is undisputed that Plaintiff was paid below the lower of the two rates.

In terms of his spread-of-hours claim under NYLL, Plaintiff need only show that he worked more than 10 hours in a day and was not paid an extra hour of pay for each such day. For example, if Plaintiff worked more than 10 hrs a day for each of seven days in the week and the minimum wage rate was $7.15 an hour, he would be entitled to spread-of-hours pay of 7 x $7.15 or $50.05 for that week, in addition to the other wages due to him such as overtime and minimum wages.

## 4. BURDEN-SHIFTING UNDER THE FLSA

The federal FLSA requires employers to "make, keep, and preserve" records concerning the "wages, hours, and other conditions and practices of employment" and authorizes the Department of Labor to issue regulations to enforce these requirements. See 29 U.S.C. § 211. Under those regulations, employers are required to maintain payroll records for at least three

6

years, and basic timekeeping and earnings records for at least two years. 29 C.F.R. §§ 516.5(a), 516.6(a).

Defendant only produced grossly inadequate incident reports masquerading as time sheets for the period from May 8, 2006 to October 2006. Defendant has not produced any wage and hour records for the period from November 22, 2006 to April 20, 2006 – Defendant claims it does not have any records for this period for Plaintiff.

Where an employer fails to keep records or fails to keep adequate records, the Supreme Court in Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 687-88 (1946), has established a burden-shifting approach. New York law imposes similar burden-shifting where an employer fails to keep the required records. NYLL 196-a. The Supreme Court in Anderson stated in relevant part as follows:

> [W]here the employer's records are inaccurate or inadequate and the employee cannot offer convincing substitutes ... we hold that an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference. The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence. If the employer fails to produce such evidence, the court may then award damages to the employee, even though the result be only approximate.

In Reich v. Southern New England Telecommunications Corp., 121 F.3d 58, 66 -67 (2d Cir. 1997), the Second Circuit addressed FLSA burden-shifting and stated in relevant part as follows:

7

When a defendant in a suit for lost wages under the FLSA fails to maintain employment records as required by the Act, an employee (or the Secretary on behalf of a group of employees) may "submit sufficient evidence from which violations of the Act and the amount of an award may be reasonably inferred." Martin v. Selker Bros., Inc., 949 F.2d 1286, 1296-97 (3d Cir.1991). In doing so, an employee (or in this case the Secretary) is simply following the instructions of the Supreme Court in Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 687-88, 66 S.Ct. 1187, 1192-93, 90 L.Ed. 1515 (1946):

> where the employer's records are inaccurate or inadequate and the employee cannot offer convincing substitutes ... [t]he solution ... is not to penalize the employee by denying him any recovery on the ground that he is unable to prove the precise extent of uncompensated work. Such a result would place a premium on an employer's failure to keep proper records in conformity with his statutory duty; it would allow the employer to keep the benefits of an employee's labors without paying due compensation as contemplated by the Fair Labor Standards Act. In such a situation we hold that an employee has carried out his burden if he proves that he has in fact performed work for which he *67
>
> (Cite as: 121 F.3d 58, *67)
> was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference. The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence. If the employer fails to produce such evidence, the court may then award damages to the employee, even though the result be only approximate.

In meeting the burden under Mt. Clemens, the Secretary need not present testimony from each underpaid employee; rather, it is well-established that the Secretary may present the testimony of a representative sample of employees as part of his proof of the prima facie case under the FLSA. See Reich v. Southern Maryland Hosp., Inc., 43 F.3d 949, 951 (4th Cir.1995); Reich v. Gateway Press, Inc., 13 F.3d 685, 701-02 (3d Cir.1994).

[9] [10] The Secretary's burden in such cases, while not overly onerous, is to establish a prima facie case. See Gateway Press, 13 F.3d at 701; Secretary of Labor v. DeSisto, 929 F.2d 789, 793 (1st Cir.1991) (noting that "the Secretary's initial burden in these cases is minimal").

8

In Tho Dinh Tran v. Alphonse Hotel Corp., 281 F.3d 23, 31 (2d Cir. 2002), the Second

Circuit also addressed FLSA burden-shifting and stated in relevant part as follows:

> The defendants first argue that there is insufficient evidence to support the district
> court's finding that the plaintiff worked more than 40 hours a week from 1989 to
> 1991. However, the defendants did not produce records that definitively
> established the number of hours worked by the plaintiff. When accurate records or
> precise evidence of the hours worked do not exist, "an employee has carried out
> his burden if he proves that he has in fact performed work for which he was
> improperly compensated and if he produces sufficient evidence to show the
> amount and extent of that work as a matter of just and reasonable inference."
> *Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 687, 66 S.Ct. 1187, 90 L.Ed.
> 1515 (1946); *accord Reich v. Southern New England Telecomm. Corp.,* 121 F.3d
> 58, 66-67 (2d Cir.1997).

As laid out above, Plaintiff's prima facie burden is minimal and is easily met and Plaintiff

may satisfy this burden solely based on his own recollection. See also Doo Nam Yang v. ACBL

Corp., 427 F.Supp.2d 327, 335 (S.D.N.Y. 2005).

## 5. BURDEN-SHIFTING UNDER THE NYLL

New York law likewise requires employers to keep and maintain detailed payroll records

relating to their employees, and such records must be preserved for at least six years. The New

York record-keeping law at 12 NYCRR 142-2.6(a) states in relevant part as follows:

> (a) Every employer shall establish, maintain and preserve for not less than six
> years, weekly payroll records which shall show for each employee: (1) name
> and address; (2) social security number; (3) wage rate; (4) the number of
> hours worked daily and weekly, including the time of arrival and departure of
> each employee working a split shift or spread of hours exceeding 10; (5) when
> a piece-rate method of payment is used, the number of units produced daily
> and weekly; (6) the amount of gross wages; (7) deductions from gross wages;
> (8) allowances, if any, claimed as part of the minimum wage; (9) net wages
> paid; and (10) student classification.

In addition, NYLL at 12 NYCRR 142-2.7 states in relevant part that, " Every employer covered by this Part shall furnish to each employee a statement with every payment of wages, listing hours worked, rates paid, gross wages, allowances, if any, claimed as part of the minimum wage, deductions and net wages.."

NYLL 196-a imposes burden-shifting and states in relevant part as follows:

> Failure of an employer to keep adequate records, in addition to exposing such employer to penalties authorized under subdivision one of section two hundred eighteen of this chapter, shall not operate as a bar to filing of a complaint by an employee. In such a case the employer in violation shall bear the burden of proving that the complaining employee was paid wages, benefits and wage supplements.

Unlike the FLSA, NYLL imposes complete burden-shifting where the employer failed to create and preserve the required wage and hour records. See Jiao v. Chen, No. 03 Civ. 0165(DF), 2007 WL 4944767, at *3 (S.D.N.Y. Mar. 30, 2007) (New York law places a more demanding burden on employers than the FLSA); ACBL Corp., 427 F.Supp.2d at 337 n. 15 ("in the absence of adequate records, New York law places the burden on the employer to show [by a preponderance of the evidence that] the employee was properly compensated"). As such, under NYLL the employee is not even required to make the minimal prima facie showing as is the case under the FLSA.

## V. ARGUMENT

### 1. PLAINTIFF IS ENTITLED TO SUMMARY JUDGMENT AS TO LIABILITY AND FULL DAMAGES IN LIGHT OF BURDEN-

10

**SHIFTING, FOR THE PERIOD FROM NOVEMBER 20, 2006 TO APRIL 26, 2008.**

In overtime, minimum wage, and spread-of-hours cases, damages are an essential part of proving liability – a plaintiff must show he is owed wages (damages) before Defendant is held liable. Plaintiff need not establish **total** damages in order to prove liability. However, for the period from November 20, 2006 to April 26, 2008, Plaintiff will establish that he is entitled to summary judgment as to liability and **full** damages on his minimum wage, overtime and spread-of-hours claims, given the burden-shifting that occurs when a Defendant fails to keep wage and hour records.

## A. Plaintiff Has Met and Exceeded His Prima-Facie Showing And Defendant Cannot Meet its Rebuttal Burden As a Matter of Law

As pointed out above, Plaintiff's prima facie burden is a minimal one and Plaintiff can satisfy this burden with his recollection alone. A good demonstration of the prima facie burden comes from Tho Dinh Tran v. Alphonse Hotel Corp., 281 F.3d 23, 31 (2d Cir. 2002) in which the Second Circuit stated in relevant part as follows:

> The district court found that the plaintiff worked 91 hours in 1989-90 and 63 hours a week in the first half of 1991. The testimony at trial clearly supports this conclusion with respect to the plaintiff's hours from 1989 to 1990. The plaintiff testified that he worked thirteen hours a day for seven days a week in 1989 and 1990. The plaintiff's testimony was corroborated by a co-worker who worked the same hours as the plaintiff.

We are confronted with a very similar situation in this case. Here, Plaintiff claims that fort he entire period of this employment from May 8, 2006 to April 26, 2008, he worked seven days a week, 15 hrs a day on weekdays and 16 hrs a day on Saturday and Sunday for a total of

11

107 hrs a week. **(Pl SOF 5-9).** Like in <u>Dinh Tran,</u> "The plaintiff's testimony was corroborated by a co-worker who worked the same hours as the plaintiff" – Aliou Sylla was a fellow security guard who also worked over 100 hrs a week. (See Sylla Declaration). In addition, Mr. Curtis Fleming, an employee of Defendant testified that he saw Defendant working at 4PM in the afternoon and at 7AM in the morning. (See Fleming Declaration). As Plaintiff testified, on weekends he worked from 4PM on Friday to 7AM on Monday with some period of semi-rest during the day on Saturday and Sunday but without reasonable sleeping accommodations. **(Pl SOF 8).** Under the regulation at See 29 CFR 785.22 the employer must satisfy several conditions before it can deduct sleep time when the shift exceeds 24 hours as the weekend shifts did here. However, even though these conditions have not been met by the Defendant, Plaintiff will exclude 8 hrs from his weekend shifts on Saturday and Sunday for purposes of this motion only if the motion is granted in its entirety – even where the employer meets the conditions in the regulation, **the employer can only exclude a maximum of 8 hours**. As to meal periods, Plaintiff testified that he ate his meals while performing his guard duties – there was no one to replace Plaintiff during meal periods. **(Pl SOF 9).** As such, under the regulation at See 29 CFR 785.19, these meal periods must be counted as work-time because Plaintiff was not completely free from work. By excluding 8 hrs on Saturday and Sunday and by including the meal periods, we have Plaintiff working 107 hrs a week. A detailed summary of Plaintiff's hours worked, wages paid and overtime, minimum wage and spread-of-hours wages due can be found in Plaintiff's **Exhibit 3. (Pl. Decl. 17)**.

In terms of wages, Plaintiff was paid $400 a week for the entire period of his employment including the period from November 20, 2006 to April 26, 2008, except for the three week

period prior to his termination when he was paid $425 a week. **(Pl SOF 10-11).** A wage of $400 for $107 hrs works out to about $3.73 an hour – it is therefore clear that the minimum wage, overtime and spread-of-hours wage laws were violated by Defendant. **(See Exhibit 3).**

When the Plaintiff has met his minimal initial burden and the Defendant does not present adequate documentary evidence to prove the precise amount of work performed, summary judgment is warranted based on the burden-shifting analysis. In the recent case of Padilla v. Manlapaz, 2009 WL 2500726 (E.D.N.Y., 2009), for example, the Court granted summary judgment to the Plaintiff where the plaintiff made a prima facie showing and the Defendant failed to produce the necessary documentary evidence to prove the precise amount of work performed.

In Padilla, 643 F.Supp.2d 302, at 308-309, the Court granted summary judgment to Plaintiff based on burden-shifting and stated in relevant part as follows:

> Except for the period from November 7, 2005 to May 11, 2006,FN5 the Court was not provided with any employment records establishing the precise number of hours worked by plaintiff. Defendants allege that they kept a sales book, tip book, and hours book, (Robinson Affirm, Ex. 2, 107:9-14), but left all of the records on the premises when they leased the restaurant to Ms. de Luca.FN6 (Robinson Affirm, Ex. 2, 107:15-21.) Since defendants failed to preserve or present employment records for the other periods of plaintiff's employment, plaintiff can rely on her recollection to establish the number of hours worked for those periods. See, e.g., ACBL Corp., 427 F.Supp.2d at 332 (accepting plaintiff's recollection of hours as sufficient evidence when the defendant claimed that the wage records were lost in an office flood); Chen, 2007 WL 4944767, at *7 (finding plaintiff's recollection of hours satisfied his initial burden under Mt. Clemens Pottery when the defendant failed to provide any records establishing the precise number of hours plaintiff worked); Ke v. Saigon Grill, Inc., 595 F.Supp.2d 240, 250 (S.D.N.Y.2008) (finding the testimony of plaintiff's sufficient to meet the initial burden when the employer deliberately destroyed the employment records).

13

..... As discussed above, the burden now shifts to the defendants to provide evidence of the precise amount of work performed. Defendants have not provided the Court with any evidence from which they could meet their burden under New York law.FN9 Thus, the Court will use plaintiff's recollection to determine liability and damages. With respect to the period for which employment records were produced, the records indicate that plaintiff worked the weekend evening shifts and the buffet shifts from November 7, 2005 to January 22, 2006. (Robinson Affirm, Ex. 14.) The records further indicate that plaintiff only worked the weekend evening shifts from January 23, 2006 to May 8, 2006. (56.1 Stmts. ¶ 77; Robinson Affirm, Ex. 14.) As for wages, defendants do not dispute that plaintiff was paid $3 per hour, and $30 per shift when she worked the buffet shifts. (56.1 Stmts. ¶ 54.)

As in Padilla, the Defendant has not produced any wage and hour records for the period after November 19, 2006 (after October 2006 actually). In fact, Defendant relied on its failure to keep records for this period in arguing that it did not employ Plaintiff for this period – an argument that was rejected by the jury. Defendant's central argument in this case was that it did not have any involvement with Plaintiff after November 2006 so Defendant cannot put forth any competent evidence based on personal knowledge as to Plaintiff's hours and wages after November 2006. As such, like in Padilla, this Court should determine liability and damages based on Plaintiff's recollection as corroborated by Mr. Fleming and Mr. Sylla. Plaintiff should therefore be granted summary judgment as to both liability and damages on his minimum wage, overtime and spread-of-hours wage claims for the period from November 20, 2006 to April 26, 2008. **(See Exhibit 3**).

Based on the foregoing, Plaintiff is entitled to a finding on summary judgment that for the period from May 8, 2006 to April 26, 2008 he worked 15 hrs a day on weekdays and 16 hours a day on weekends, seven days a week and was paid $400 a week, except that he was paid $425 a week for the three weeks immediately preceding April 26, 2008 as laid out in Exhibit 3. Such a

14

finding establishes full liability and damages at the summary judgment stage as to the overtime and minimum wage claims under NYLL and the FLSA and the spread-of-hours claim under NYLL.

### 2. PLAINTIFF IS ENTITLED TO SUMMARY JUDGMENT AS TO LIABILITY AND FULL DAMAGES IN LIGHT OF BURDEN-SHIFTING, FOR THE PERIOD FROM MAY 8, 2006 TO NOVEMBER 19, 2006.

#### A. Plaintiff Has Met and Exceeded His Prima-Facie Showing And Defendant Cannot Meet its Rebuttal Burden As a Matter of Law

The parties have stipulated that, "During the period from May 8, 2006 to November 21, 2006, Plaintiff worked seven days a week for Delight." (See Stipulation of Facts). However, Defendant has submitted incident reports with purported time entries that are inaccurate and inadequate. (SOF 15-27). Because the burden-shifting analysis applies where the records are inadequate in addition to where the records are missing, the burden-shifting analysis also applies for the period from May 8, 2006 to November 19, 2006. As a point of clarification, Defendant only produced incident reports up to October 2006 but to simplify things, we will assume Defendant produced these incident reports for the period up until November 19, 2006.

While the parties are in disagreement as to whether the records are ambiguous or inadequate, at this summary judgment stage we can determine adequacy from the face of the incident reports themselves.

15

The incident reports, masquerading as time sheets are inadequate for several compelling reasons. We begin by noting that the federal and state record-keeping laws as laid out above, require records of daily hours, time in/out etc., and of rates and wages paid. However, the incident reports produced contain nine daily time entries but there are only seven days in the week. (Ex. 4) (SOF 15-27). The daily hours add up to 84 hours but the total on the documents show only 62 hrs. (Ex. 4) (SOF 15-27). As to wages, the alleged rate multiplied by the hours (either 84 or 62) do not equal the gross wages of $400. (Ex. 4) (SOF 15-27). The incident reports contain no information about lunch breaks. Furthermore, the $80 in fringe benefits that Defendant claims was paid weekly to Plaintiff in cash is not reflected anywhere on the incident reports. (Ex. 4). (SOF 15-27). Significantly, these incident reports/purported wage/hour statements were never furnished to Plaintiff as was required by 12 NYCRR 142-2.7. (SOF 25). By not giving a copy of these statements to Plaintiff as is required by law, Defendant was free to fabricate them based on its needs in the litigation. Given these numerous inadequacies that are plain from the face of the incident reports, it is without genuine dispute that these records are inadequate, incomprehensible and useless and probably prove they were fabricated for purposes of this litigation. The whole purpose of these records is to determine compliance with the FLSA and NYLL but with the numerous material inadequacies and conflicting entries, it is impossible to determine wage compliance based on these documents.

With the inadequacy of these incident reports established, the burden-shifting analysis described above will also apply for the period from May 8, 2006 to November 19, 2006, the same way it applies to the period from November 20, 2006 to April 26, 2008 during which Defendant kept no records. As laid out above, Plaintiff's testified that his hours of work for the

16

period prior to November 20, 2006 was the same as the period after November 19, 2006 –
Plaintiff worked 107 hours a week, seven days a week, representing 15 hrs a day and 16 hrs a
day on Saturday and Sunday – Plaintiff was paid $400. (Pl. SOF. 5-14).

Given that Defendant must produce competent evidence of the precise amount of work
and wages in order to rebut Plaintiff's prima facie showing, as a matter of law, Defendant cannot
meet this burden with its inadequate and contradictory records or with its testimony alone –
Defendant is held to a much higher burden than Plaintiff in the burden-shifting framework. As
such, liability and damages for the period May 8, 2006 to November 19, 2006 should be based
on Plaintiff's testimony as summarized in the wage and hour charts in Exhibit 3.

## 3. THE REGULAR RATE UNDER THE FLSA CANNOT BE LESS THAN THE NY MINIMUM WAGE RATE

Defendant has asserted in the course of this litigation that the regular rate under the FLSA
can be a rate that is lower than the NY minimum wage rate – the FLSA calculates overtime pay
at 1.5 times the regular rate. 29 USC 207. The FLSA regulation at 29 CFR 778.5 sates in relevant
part that:

> Various Federal, State, and local laws require the payment of minimum hourly,
> daily or weekly wages different from the minimum set forth in the Fair Labor
> Standards Act, and the payment of overtime compensation computed on bases
> different from those set forth in the Fair Labor Standards Act. Where such
> legislation is applicable and does not contravene the requirements of the Fair
> Labor Standards Act, nothing in the act, the regulations or the interpretations
> announced by the Administrator should be taken to override or nullify the
> provisions of these laws. Compliance with other applicable legislation does not
> excuse noncompliance with the Fair Labor Standards Act. Where a higher
> minimum wage than that set in the Fair Labor Standards Act is applicable to an
> employee by virtue of such other legislation, the regular rate of the employee, as
> the term is used in the Fair Labor Standards Act, cannot be lower than such

17

applicable minimum, for the words ``regular rate at which he is employed'' as used in section 7 must be construed to mean the regular rate at which he is lawfully employed.

Despite the plain language of the above regulation, Defendant claims that Plaintiff's

FLSA overtime and liquidated damages should be calculated using a regular rate equal to the

lower federal minimum wage rate even though the FLSA regulation states that the regular rate

cannot be an illegal rate under state law. This issue was addressed in Grochowski v. Ajet Const.

Corp. 2000 WL 1159640, 6 (S.D.N.Y.,2000), where the court stated in relevant part as follows:

> Alternatively, plaintiffs could resolve their overtime claims before NYCHA along with their prevailing wage claims, thereby tying the resolution of their overtime claims to the unresolved issue of their straight time compensation. The regulations provide that:
>
>> Various Federal, State, and local laws require the payment of minimum hourly, daily or weekly wages different from the minimum set forth in the Fair Labor Standards Act ... Where a higher minimum wage than that set in the Fair Labor Standards Act is applicable to an employee by virtue of such other legislation, the regular rate of the employee, as the term is used in the Fair Labor Standards Act, cannot be lower than such applicable minimum, for the words "regular rate at which he is employed" as used in section 7 must be construed to mean the regular rate at which he is lawfully employed. 29 C.F.R. § 778.5.
>
> Thus, if plaintiffs were indeed entitled to earn pay in accord with the prevailing wage standard for federally funded contracts as set forth in the Davis-Bacon Act, the "regular rate" used in computing overtime pay must reflect that statutory requirement and must be not only equal to at least the minimum wage provided by the FLSA but also to at least the applicable statutory wage. If plaintiffs are due prevailing wages under the Davis-Bacon Act as they allege, that sum needs to be determined by the NYCHA before any overtime payment due is computed.
>
> In sum, plaintiff's forum for determining prevailing wages is NYCHA, which can consider all aspects of plaintiffs' wages and hours and compute underpayment for overtime hours at one and one-half times the prevailing wage.FN3 Tr. at p. 27. In this Court, however, on the current record, plaintiffs' overtime would be calculated based on the wages plaintiffs were actually paid.

> FN3. Should plaintiffs recover only unpaid straight time in their NYCHA proceedings, they could then compute overtime pay under the FLSA on the basis of their "regular rate" that would reflect the prevailing wage determination of the NYCHA as required by 29 C.F.R. § 778.5.

In affirming the district court in Grochowski, the Second Circuit stated in relevant part

as follows (See Grochowski v. Phoenix Const., 318 F.3d 80, 87 (2d Cir., 2003)):

> Under the DBA, an aggrieved employee is limited to those administrative mechanisms set forth in the text of the statute. Chan, 1 F.3d at 102. The plaintiffs' attempt to use the FLSA to circumvent the procedural requirements of the DBA must fail. The plaintiffs' forum for determining prevailing wages is the NYCHA, which can consider all aspects of the plaintiffs' wages and hours and compute underpayment for overtime hours at one-and-a-half times the prevailing wage. Grochowski, 2000 WL 1159640, at *4.

In a similar though not identical situation, the Second Circuit in Tho Dinh Tran v.

Alphonse Hotel Corp., 281 F.3d 23, 35 (2d Cir. 2002), reversed the district decision to use the

FLSA minimum wage rate to calculate FLSA overtime instead of the higher rate provided for

under a collective bargaining agreement. The Second Circuit stated in relevant part as follows:

> Using the union rate as the baseline, the plaintiff's total overtime wages would have been \$108,664.24.[FN3] Adding his wages of \$22,100 for non-overtime hours[FN4] results in a total of \$130,764.24. After subtracting the \$13,648.91 he was actually paid and \$1007.51 for room and board, the total FLSA damages equals \$116,107.82. After doubling this amount to account for liquidated damages, the plaintiff is entitled to \$232,215.64.
>
> FN3. The union rate from January 1, 1989 until July 31, 1990 was \$12.08 per hour, resulting in a \$18.12 per hour overtime rate. The union rate from August 1, 1990 until July 4, 1991 was \$12.75 per hour, because an amendment to the CBA provided for a 5.5% wage increase for all workers on August 1, 1990, resulting in a \$19.12 per hour overtime rate The plaintiff worked 91 hours per week in 1989 and 1990, meaning that he worked 51 overtime hours per week in those years. The plaintiff worked 63 hours per week for 26 weeks in 1991 meaning that he worked 23 overtime hours per week in those years.

19

As laid out above, both the regulation and case law makes it clear that the regular rate use to compute overtime under the FLSA cannot be less than the state minimum wage rate. While clearly holding as such, the court in Grochowski could not use the prevailing wage rate because it did not have jurisdiction to determine the prevailing wage rates and resolve prevailing wage claims – both the Davis-Bacon Act and the New York City Housing Authority contracts required the use of administrative procedures only. However, in this case, this court undoubtedly has authority to determine the NY minimum wage rate and the rate is clearly stated in the statute and regulations. See 12 NYCRR 142-2.1 and NYLL 652.

## 4. CALCULATION OF DAMAGES

In terms of damages, calculations based on the above burden-shifting analysis can be found in the wage and hour charts in Exhibit 3. Significantly, under the burden-shifting framework, the Court's calculation of damages need only be approximate and need not be exact. The damage calculations for the various claims as contained in the wage and hour charts are as follows:

> FLSA Minimum Wages Due: $17, 667.04
> FLSA Overtime Wages Due: $24, 493.58
> NYLL Minimum Wages Due: $35,793.64
> NYLL Overtime Wages Due: $16, 794.98
> NYLL Spread-of-Hours Wages Due: $5,009.90

There is some overlap and duplication as to the NYLL and FLSA minimum wage and overtime claims but these will be removed when the court decides a combined post-trial motion for interest, liquidated damages and attorney's fees etc.

Even though the jury found that Plaintiff was employed until April 26, 2008, the wage
charts used herein end at April 20, 2008. Plaintiff will waive the extra six days for the purposes
of this motion only because he was absent for one day during the period from May 8, 2006 to
November 19, 2006 when he had a hospital visit and for simplicity of calculation.

## VI. CONCLUSION

Based on the foregoing, Plaintiff kindly request that this Honorable Court grant his
motion for summary judgment in its entirety, together with such other, further, and different
relief that the Court deems just and proper.

Dated: Queens Village, New York
December 21, 2009

Respectfully submitted,

/s/ Abdul Hassan
Abdul K. Hassan, Esq. (AH6510)
215-28 Hillside Avenue
Queens Village, NY 11427
Tel: 718-740-1000
Attorney for Plaintiff Alpha Kaba